IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jose Alberto Maldonado, | ) | Case No. 8:11-1372-TLW-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Henry McMaster and Warden of Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court on Respondent Warden of Perry Correctional Institution's[1] motion for summary judgment [Doc. 15] and Petitioner's motion to amend/correct the Petition [Doc. 20]. Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 2, 2011. [Docs. 1, 1-3.] On August 22, 2011, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 15, 16.] On September 14, 2011, Petitioner filed a response in opposition to Respondent's motion for summary judgment [Doc. 19] and a motion to amend/correct the Petition [Doc. 20]. Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary

---

[1] Respondent Henry McMaster was terminated as a party on June 28, 2011 by the Court's Order authorizing service of process. [Doc. 8.] Accordingly, throughout this Report and Recommendation, the Court will refer to Warden of Perry Correctional Institution as "Respondent."

judgment be granted, Petitioner's motion to amend/correct be denied, and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenville County.  [Doc. 1 at 1.]  On February 22, 2006, Petitioner was indicted by the state grand jury for conspiracy to traffic methamphetamine and trafficking 400 grams or more of methamphetamine.  [Doc. 16-4.]  On August 22, 2006, Petitioner pled guilty to two counts: conspiracy to traffic between twenty-eight and 100 grams of methamphetamine and trafficking between twenty-eight and 100 grams of methamphetamine, second offense.[2]  [Doc. 16-1 at 8, 11, 13; *see also* Doc. 16-2 at 4.]  On April 10, 2007,[3] Petitioner was sentenced to twenty years imprisonment for each count; the twenty-year sentences were to run concurrent with each other and concurrent with the seven-year sentence for trafficking cocaine he received in November 2005.  [Doc. 16-2 at 10–11.]  Petitioner was also credited with time served beginning August 6, 2005.  [*Id.*]  Petitioner was represented by James H. Price ("Price") on the charges [Doc. 16-1 at 1], and Britt Hunt interpreted for Petitioner at the plea hearing and the sentencing hearing [*id.* at 2; Doc. 16-2 at 3].  Petitioner did not file a direct appeal.

---

[2] Petitioner was serving a seven-year sentence for trafficking cocaine at the time he pled guilty to the methamphetamine charges.  [Doc. 16-1 at 18; Doc. 16-3 at 1, 5 (sentencing sheets dated November 29, 2005).]

[3] The title page of the sentencing hearing transcript states the date of the hearing as April 10, 2008.  [Doc. 16-2 at 1.]  However, Petitioner was sentenced on April 10, 2007.  [*See, e.g.*, *id.* at 12; Doc. 16-5 at 2.]

**First PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR") on March 18, 2008 [Doc. 16-5], alleging as his grounds for relief (1) misleading letters from attorney and Attorney General; (2) ineffective assistance of counsel, including that counsel fell below the objective standard of reasonableness; and (3) lack of jurisdiction by the trial court to accept the plea [*id.* at 3, 5]. As supporting facts, Petitioner alleged "Constitutional Provisions"; Petitioner submitted an attachment entitled "Constitutional Provisions," which outlined the *Strickland v. Washington* standard and argued Price gave Petitioner erroneous advice about pleading to two counts of the same offense. [*Id.* at 3, 15.] Petitioner also alleged as supporting facts "Letters from both attorney & Attorney General." [*Id.* at 3.]

The State made a return to Petitioner's PCR application on September 19, 2008. [Doc. 16-6.] On November 24, 2008, Petitioner filed amendments to his PCR application through counsel, Rodney Richey ("Richey"). [Doc. 16-7.] Petitioner amended his PCR application to allege only one ground for relief—ineffective assistance of counsel. [*Id.* at 1.] Petitioner's amendments identified thirty-one ways Price was allegedly ineffective.[4] [*Id.* at 2–4.]

On December 8, 2008, a hearing on the PCR application was convened. [Doc. 16-8 at 2.[5]] Petitioner, represented by Richey, requested to withdraw his PCR application with prejudice. [*Id.*] Petitioner gave sworn testimony indicating his withdrawal with prejudice

---

[4] These amendments to Petitioner's first PCR application appear to be identical to the amendments Petitioner has requested in his motion to amend/correct the Petition. [*Compare* Doc. 16-7 at 2–4, *with* Doc. 20.]

[5] A transcript of the December 8, 2008 PCR hearing was not included in the Respondent's return.

3

was voluntary and a knowing and intelligent election by Petitioner. [*Id.*] Consequently, on December 29, 2008, the PCR court filed an order dismissing Petitioner's PCR with prejudice. [*Id.* at 1, 3.]

**Second PCR Proceedings**

Petitioner filed a second pro se PCR application on April 28, 2010. [Doc. 16-9.] The PCR court construed Petitioner's application as alleging the following grounds for relief[6]:

1. Ineffective assistance of counsel:
   a. Failed to request a charge of simple possession.
2. Involuntary guilty plea based on erroneous advice of counsel.
3. "The judge has discretion and is not bound to accept the recommendations of either party."
4. Subject matter jurisdiction.

[Doc. 16-11 at 2.] The State made a return to Petitioner's application on August 20, 2010. [Doc. 16-10.] On September 9, 2010, the PCR court filed a conditional order of dismissal, finding Petitioner's second PCR was subject to summary dismissal because (1) the application was filed outside the one-year statute of limitations applicable to applications for post-conviction relief filed in South Carolina courts and (2) the application was successive to Petitioner's first PCR application. [Doc. 16-11 at 2–4.] The PCR court also found Petitioner's allegation that the trial court lacked subject matter jurisdiction was without merit because the indictment was sufficient to put Petitioner on notice of the charges he faced. [*Id.* at 4.]

---

[6] The Court notes that Petitioner's second PCR application is difficult to understand. Petitioner included his first PCR application with his second PCR application [Doc. 16-9 at 1–16] and did not clearly state which, if any, grounds for relief he was claiming as part of his second application [*id.* at 18–21]. Petitioner also submitted several attachments with the second PCR application but did not clearly explain the purpose of the attachments. [*Id.* at 22–52.] Therefore, the Court has included the second PCR court's interpretation of Petitioner's grounds for relief asserted in his second PCR application.

In response, Petitioner submitted several documents to the PCR court. First, Petitioner submitted a document captioned "Motion After Review New Evidence: Miscellan[eous] Actions Constituting 'Waiver,'" in which Petitioner argued the PCR court's conditional order was inadequate and should be remanded for findings of fact and conclusions of law regarding "Trial counsel was Ineffective for failing to Challenge the State's Legal Jurisdiction of a warrantless arrest prior to probable cause being established." [Doc. 16-15 at 1.] Petitioner also attempted to make an argument regarding "waiver," although Petitioner largely included only quotations from cases concerning waiver of the right to counsel and waiver of the presentment of indictments. [*Id.* at 2–18.] Further, Petitioner contended plea counsel Price was ineffective for failing to explain the immigration consequences resulting from Petitioner's guilty plea. [*Id.* at 22–40.]

Petitioner also submitted a document captioned "Response to Conditional Order of Dismissal." [Doc. 16-12.] In this submission, Petitioner argued his second PCR application should not be summarily dismissed because subject matter jurisdiction issues may be raised at any time, a subject matter jurisdiction issue existed because the State failed to comply with applicable laws concerning the presentment of indictments, and his interpreters affected his guilty plea and his first PCR hearing. [*Id.*] Finally, Petitioner submitted a document captioned "Motion for Immediate Release from Conditional Order of Dismissal," which stated that because of the State's failure to respond to a motion and affidavit Petitioner submitted, the State had "conceded to the facts that [Petitioner] is being held pursuant to fraud Indictments and a void judgment." [Doc. 16-13 at 1–2 (emphasis in original).]

5

On December 14, 2010, the PCR court filed a final order. [Doc. 16-16.] Upon reviewing Petitioner's responses to the conditional order and Petitioner's original pleadings, the court determined Petitioner had not demonstrated a sufficient reason why the conditional order should not become final. [*Id.* at 2.] Accordingly, the PCR court denied Petitioner's second PCR application and dismissed the action with prejudice. [*Id.* at 3.]

Petitioner appealed the denial of his second PCR to the South Carolina Supreme Court.[7] [*See* Docs. 16-18, 16-19.] Petitioner submitted a lengthy document as his Rule 243(c) explanation. [Doc. 16-19.] However, by an order dated April 20, 2011, the court determined Petitioner failed to show there was an arguable basis for asserting that the second PCR court's determination was improper, and the court dismissed Petitioner's appeal. [Doc. 16-20.] On May 4, 2011, the court filed Petitioner's request to reconsider its denial of Petitioner's petition for a writ of certiorari. [Doc. 16-21.] The court declined to take action on Petitioner's request because Petitioner failed to submit a certificate of service upon opposing counsel. [Doc. 16-22.] The court issued remittitur on June 3, 2011. [Doc. 16-23.]

**Petition for Writ of Habeas Corpus**

On June 2, 2011, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim:

*Ground One*: The Clerk of Court of Supreme Court of South Carolina failed and refuse to raise other my Grounds again. (Under PCR Act.)

---

[7] Petitioner also filed with the Greenville County Clerk of Court an objection to the final order denying his second PCR application. [Doc. 16-17.]

<u>Supporting Facts</u>: Administrative agency affect my right to appeal other my facts, reports to seek my relief, for the Court of appeal.  This agency stopping my right of does pro se, because no person shall be finally bound by judicial or quasi-judicial decision of administrative agency affecting private right except on due notice an opportunity to be hear[d], an[d] he shall have in all such instance the right to judicial review.  Applican[t] claim under first hearin[g] of (PCR): A judge as an officer[,] director, manager[,] advisor.

<u>Other Remedies</u>: In Post-Conviction Relief matter, judge who presided at petitioner's trial may not preside over subsequent postconviction proceeding, if that service does not conflict [with] the judge's judicial duties.

*Ground Two*: Professional conduct for court interpreters.  As officer of the court, interpreter help assure that such person may enjoy equal access to justice and that court proceeding.

<u>Supporting Facts</u>: The interpreter has a two-fold duty; (1) to ensure that the proceeding in English reflect precisely what was said by a non-English speaking person and (2) to lace the non-English speaking person on an equal footing with those who understand English . . . This creates an obligation to conserve every element of information contained in a source language communication when it is rendered in the target language. Therefore, interpreters are obligated to apply their best skill and judgment to preserve faithfully the meaning of what is said in court, including the style or register of speech.  Vervation "word for word["] or literal interpretation.

<u>Other Remedies</u>: CONFLICT OF INTEREST: Where attorney represent clients with adverse interests "Burden of Proving" client's consent to such representation but were either appropri[a]tely consented to or not supported by the record.

*Ground Three*: The H[]abe[a]s Corpus* Remedies will reverse or Order, for Relief, under invalid indictments.  Lack of Jurisdiction.  Over:

<u>Supporting Facts</u>: Background; defendant was convicted in Circuit[] Court of Greenville County and indicted in State Grand Jury of Columbia.  The conviction is not vested; (1) not jurisdiction of present burden of proof venue; (2) defendant's failure to properly execute written "waivers" of presentment of two indictments to grand jury render invalid guilty pleas as to those indictments and (3) ("defects of violation of constitutional right prior <u>to the plea</u>.")

<u>Other Remedies</u>: Defendant lack's knowledge of material evidence in the prosecution's Attorney General's Office Chase to simply have destroye[d].  That it is a[n] Evidence Violation.

7

> *Ground Four*: The plea form currently used in any court provide notice of possible immigration consequences.  Court and Counsel Adverse in issues of:

>> Supporting Facts: Further, many states require trial courts to advise defendant of possible immigration consequences.  To satisfy this responsibility we now hold that counsel must inform his client whether his plea carries a risk of deportation.
>>> Even if the only relevant consideration were "Prevailing Profes[s]ional norms," it is ahrd to see how those norms can support the duty the court today imposes on defense on defense counsel.  "Most crimes affecting immigration status are not violute prevailing professional norms."

>> Other Remedies: Petition of: A defendant right to obtain recorded proceeding and testimony before state grand jury in preparing his defense, which right is subject to limitation imposed by statue and rule, necessarily arises Post-indictment; "subject matter jurisdiction is the Power of a court to hear and determine cases.["]

[*Id*.]  As previously stated, Respondent filed a motion for summary judgment on August 22, 2011 [Doc. 15], and Petitioner filed a response in opposition to the motion for summary judgment on September 14, 2011 [Doc. 19].   Additionally, Petitioner filed a motion to amend/correct the Petition on September 14, 2011 [Doc. 20], to which Respondent filed a response in opposition on September 16, 2011 [Doc. 22].  Accordingly, these motions are now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

9

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

10

**Habeas Corpus**

*Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

12

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[8] Further, strict time deadlines govern direct appeal and the filing

---

[8]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

---

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.*

16

at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To pass through this actual innocence standard, the petitioner's case must be truly extraordinary.  *Murray*, 477 U.S. at 496.

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

17

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

18

## **DISCUSSION**

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1).  The Court agrees.

**Expiration of Limitations Period**

Petitioner had one year from April 20, 2007, ten days after his sentencing hearing,[9] to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period in which to file a federal habeas petition would be tolled during the pendency of an application for post-conviction or other collateral relief properly filed in state court.  *Id.* § 2244(d)(2).  Respondent concedes that the statute of limitations was tolled during the period Petitioner's first PCR application was pending—from March 18, 2008 until December 29, 2008.

Even though the limitations period was tolled during the pendency of Petitioner's first PCR application, the Petition is not timely.  When Petitioner filed his first PCR application, 332 days of the limitations period had elapsed—from April 20, 2007 until March 18, 2008—leaving 33 days for Petitioner to file a federal habeas petition.  The judgment in Petitioner's first PCR application was final on December 29, 2008, when the first PCR court entered an order dismissing the application with prejudice based on Petitioner's voluntary withdrawal of the application.  Thus, the limitations period began to run again on December 30, 2008, and by January 31, 2009, Petitioner's remaining time, 33 days, had elapsed.  Consequently, the § 2244(d)(1) limitations period ran on January 31, 2009.

---

[9]As previously stated, Petitioner did not file a direct appeal.  Therefore, his plea entered on August 22, 2006 and sentence entered on April 10, 2007 became final upon the expiration of the ten-day period in which he could have filed a direct appeal—April 20, 2007.  *See*  Rule 203(b)(2), SCACR.

19

Petitioner filed his second PCR application on April 28, 2010, well after the limitations period ran.  Further, the PCR court determined the second PCR application was untimely and successive, and the South Carolina Supreme Court denied Petitioner's petition for writ of certiorari to review the PCR court's decision.  Therefore, Petitioner's second PCR application did not additionally toll the one-year AEDPA limitations period.  As a result, the Petition—filed on June 2, 2011, more than two years after the expiration of the limitations period—is time-barred.

**Equitable Tolling**

Petitioner failed to demonstrate he is entitled to equitable tolling.  The limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).   Liberally construing Petitioner's response in opposition, the Court concludes Petitioner alleges he is entitled to equitable tolling because Price failed to inform Petitioner of his right to appeal [*see* Doc. 19 at 3]; the judge in Petitioner's second PCR proceeding should have recused himself because he presided over Petitioner's first PCR proceedings [*see id.* at 5–6; Docs. 8, 11]; and Richey provided ineffective assistance during Petitioner's first PCR proceedings [*see* Doc. 19 at 5–6].

In *Harris v. Hutchinson*, a §2254 petitioner argued that even if the one-year period had run, "equitable tolling should be applied . . . because he relied on the negligent and erroneous advice of his counsel who misadvis[ed] him of the deadline for filing this habeas petition and because precedent at the time counsel gave him the advice was not clear."

20

209 F.3d 325, 328 (4th Cir. 2000) (internal quotation marks omitted) (alterations in original).

The Fourth Circuit noted that equitable tolling "has been applied in 'two generally distinct

kinds of situations.  In the first, the plaintiffs were prevented from asserting their claims by

some kind of wrongful conduct on the part of the defendant.  In the second, extraordinary

circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Id.*

at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).  The

court stated,

> But any invocation of equity to relieve the strict application of
> a statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes.  To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation.  We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where-due to circumstances external to the party's own
> conduct-it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.
>
> There is no allegation . . . that the State of Maryland
> contributed in any way to Harris' delay in filing his petition.
> Therefore, to invoke equitable tolling, Harris must be able to
> point to some other extraordinary circumstance beyond his
> control that prevented him from complying with the statutory
> time limit.
>
> Harris argues that equitable considerations justify tolling
> in his case because the missed deadline was the result of an
> innocent misreading of the statutory provision by his counsel.
> While we agree that the mistake by Harris' counsel appears to
> have been innocent, we cannot say that the lawyer's mistake
> in interpreting a statutory provision constitutes that
> extraordinary circumstance external to Harris that would justify
> equitable tolling.

*Id.* (internal quotation marks and citations omitted); *see also Carlson v. Houston*, No.

4:05CV3012, 2005 WL 1221828, at *1 (D. Neb. May 23, 2005) (denying and dismissing

21

a § 2254 petition where the petitioner argued he was entitled to equitable tolling because his two attorneys failed to inform him of the AEDPA's one-year statute of limitations; the court stated, "An inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the statute of limitations.").

Here, Petitioner does not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time.  Further, Petitioner waited almost one year before pursuing any collateral relief, and he waited over one year after his first PCR application was withdrawn to pursue any further collateral relief. Therefore, the Court finds Petitioner is not entitled to equitable tolling because no extraordinary circumstance prevented Petitioner from timely filing the Petition.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment [Doc. 15] be GRANTED, Petitioner's motion to amend/correct [Doc. 20] be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 27, 2011
Greenville, South Carolina

22